**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TREMAYNE SHELTON,

    Petitioner,                          Civil No. 2:07-CV-13026
                                              HONORABLE GERALD E. ROSEN
v.                                           UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Tremayne Shelton, ("Petitioner"), presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for second-degree murder, M.C.L.A. 750.317; possession with intent to deliver between 450 and 1,000 grams of a cocaine, M.C.L.A. 333.7403(2)(a)(ii); larceny from a person, M.C.L.A. 750.357; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is DENIED.[1]

## I. Background

Petitioner pleaded guilty to the above charges in the Oakland County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss an original charge

---

[1] The petition and the answer both indicate that the amount of cocaine for the possession offense was 225-649 grams. However, a review of the plea transcript shows that the amount involved was between 450 and 1,000 grams. This discrepancy in the amounts does not affect this Court's adjudication of petitioner's claims.

which charged petitioner with alternate counts of open murder and felony murder. [2]  At the beginning of the hearing, the prosecutor indicated that a plea agreement had been worked out between the parties.  Petitioner's defense counsel indicated that he had spoken with petitioner regarding a resolution of the case.  However, when counsel had gone over to the jail on the previous night to "finalize" the agreement with petitioner, he was unable to speak to him because the jail was on lockdown.  The trial court gave counsel a few minutes to discuss the plea agreement with petitioner.  When the parties went back on record, petitioner's counsel indicated that he was tendering a plea form to the court.  The terms of the plea agreement were then placed on the record. (Plea Tr., pp. 4-6).

In response to the trial court judge's questions, petitioner acknowledged that he understood that he was pleading guilty to second-degree murder, possession with intent to deliver 450 to 1,000 grams of cocaine, larceny from a person, and felony-firearm. Petitioner further acknowledged that these pleas were the result of plea bargaining between the prosecutor and petitioner's counsel.  When the judge asked petitioner if the prosecutor accurately stated the terms of the plea agrement, petitioner at first indicated that he didn't understand the question.  However, when the judge asked the petitioner the question a second time, petitioner replied in the affirmative.  Petitioner was then advised of the maximum penalties for the offenses that he was pleading guilty to and was advised of the rights that he was relinquishing by pleading guilty. (*Id.* at pp. 8-11).

---

[2]  Under Michigan law, it is proper to charge a defendant with the crime of open murder.  Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 662, n. 2 (E.D. Mich. 2002).

In response to the judge's questions, petitioner acknowledged that it was his choice to plead guilty. However, when the judge asked petitioner if he was pleading guilty because he was guilty, petitioner replied "No." Petitioner's counsel then asked petitioner if he was guilty, to which petitioner replied: "Huh?". The judge admonished petitioner that he was giving the court "mixed signals" and asked petitioner again if he was pleading guilty because he was guilty. Petitioner this time responded "Yes." Petitioner further acknowledged that by pleading guilty, he was giving up the right to argue that the plea was the result of any promises or threats. (*Id.* at p. 12).

In response to the court's questions, petitioner indicated that he shot the victim, although he denied intending to kill him. Petitioner further indicated that he took some cocaine from a table where the victim had been sitting and left the apartment. Petitioner indicated that he intended to deliver the cocaine to others. (*Id.* at pp. 13-15).

On April 19, 2006, petitioner received concurrent sentences of thirty to sixty years on the second-degree murder conviction, ten to thirty years on the cocaine conviction, five to ten years on the larceny from a person conviction, and received a consecutive two year sentence on the felony-firearm conviction.

Petitioner's conviction was affirmed on appeal. *People v. Shelton,* No. 274193 (Mich.Ct.App. December 14, 2006); *lv. den.,* 477 Mich. 1115, 729 N.W.2d 847 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:[3]

I. Petitioner's plea was unconstitutional and should be vacated where there

---

[3] For purposes of clarity, the Court will paraphrase petitioner's claims rather than recite them verbatim.

was an insufficient factual basis to support the guilty plea. Petitioner further claims that the plea was not knowingly and intelligently made, because petitioner did not understand the malice element required for second-degree murder.

II. The trial court incorrectly scored several of the offense variables for the Michigan Sentencing Guidelines by considering factors that had not been proven beyond a reasonable doubt in front of a jury or admitted to by the petitioner.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

### III. Discussion

**A. Claim # 1. Petitioner is not entitled to habeas relief on his claim that his guilty plea was invalid.**

Petitioner first contends that his guilty plea should be vacated because of an inadequate factual basis for the plea. Petitioner further claims that his plea was involuntary because he did not understand the elements of second-degree murder.

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002).

Petitioner's claim that there was an insufficient factual basis for the guilty plea does not entitle him to relief. There is no federal constitutional requirement that a

5

factual basis be established to support a guilty plea. *See Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir.), *cert. denied*, 423 U.S. 917 (1975); *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582 (F. Supp. 2d 2001); *see also Meyers v. Gillis*, 93 F.3d 1143, 1151 (3d Cir. 1996). "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995). The trial court's alleged failure to establish a sufficient factual basis to support his guilty plea does not provide a basis for relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583. *Accord, Meyers v. Gillis*, *supra* ("The Constitution's standard 'was and remains whether the plea represents a voluntary and intelligent choice.'" 93 F.3d at 1151 (quoting *Higgason v. Clark*, 984 F.2d 203, 207-08 (7th Cir.), *cert. denied*, 508 U.S. 977 (1993)).

Petitioner further claims that his guilty plea was involuntary because he did not understand the element of malice required for second-degree murder. It is true that where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing, and intelligent standard for a guilty plea is not met and the plea is invalid. *See Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). However, a defendant is presumed to have been informed adequately by his defense counsel of the criminal charge to which he is pleading guilty, even when the trial court record is devoid of an explanation of the charge by the judge or of a representation by defense counsel that the nature or the elements of the charge have been explained to the

defendant. *See Berry v. Mintzes,* 726 F. 2d 1142, 1147 (6th Cir. 1984)(citing *Henderson v. Morgan,* 426 U.S. 637, 647 (1976)).

In the present case, defense counsel indicated that he had spoken with petitioner about a "resolution" of the case and asked for additional time on the morning of the plea to "finalize" the terms of the agreement with petitioner. Petitioner acknowledged on the record that the prosecutor had accurately summarized the terms of the plea agreement that had been worked out between herself, petitioner's counsel, and petitioner. Petitioner indicated that he understood the maximum penalties of the charges and the rights that he would be giving up by pleading guilty. The record fails to rebut the presumption that defense counsel adequately explained the nature of the charges to petitioner prior to him entering his plea.

Moreover, petitioner's claim that he did not understand the concept of malice is not well-taken. To convict a defendant of second-degree murder, the evidence must show that the defendant "acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm." *Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 806 (E.D. Mich. 2001)*(quoting People v. Aaron*, 409 Mich. 672, 733; 299 N.W.2d 304 (1980)). Second-degree murder is a killing committed with malice aforethought, but without premeditation and without deliberation. *Id.* (citing *People v. Morrin*, 31 Mich. App. 301, 310-311, 187 N.W.2d 434 (1971)).

The element of malice required for statutory felony-murder, one of the offenses that petitioner was originally charged with, is the same as that required for second-degree murder. *See People v. Flowers,* 191 Mich. App 169, 176; 477 N.W. 2d

7

473 (1991). In giving a factual basis for the plea, petitioner informed the trial court that he shot the victim while taking some cocaine from the victim's presence. A number of cases have held that a defendant's participation in an armed robbery, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003); *Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73; 540 N. W. 2d 728 (1995)*; People v. Hart*, 161 Mich. App. 630, 635; 411 N.W. 2d 803 (1987). In making out a factual basis to the lesser offense of second-degree murder, petitioner appears to have understood the concept of "malice" so as to defeat his claim that he did not understand the elements of second-degree murder.

Petitioner has not presented sufficient evidence to establish that he did not understand the charges against him or the essential elements of the offenses. Accordingly, petitioner is not entitled to habeas relief on his claim. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 733 (E.D. Mich. 2002).

**B. Claim # 2. Petitioner's sentencing claim is non-cognizable.**

Petitioner next claims that the trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the

Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See e.g. Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).

Petitioner further contends that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's scoring of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007).

**IV. Conclusion**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

9

constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: March 26, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2008, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager